

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,153-01

### EX PARTE BENJAMIN DON EDDINGTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 23,747-2018A IN THE 402ND DISTRICT COURT
### FROM WOOD COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of possession of a controlled substance in a drug free zone and sentenced to ten years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was denied his right to an appeal because counsel failed to advise him of his right to appeal and did not preserve his right to appeal. Based on the record, the trial court has found that counsel's errors denied Applicant his right to an appeal. .

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant's remaining claims challenging the validity of the

conviction or sentence are dismissed. *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997).

Applicant may file an out-of-time appeal of his conviction in cause number 23,747-2018 from the 402nd District Court of Wood County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. All deadlines shall be calculated as if Applicant was sentenced on the date of this Court's mandate. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 9, 2021
Do not publish